UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRAL STATES, SOUTHEAST AND,
SOUTHWEST AREA PENSION FUND, and
HOWARD McDOUGALL,

        Plaintiffs,

v.

SMELTZER ENTERPRISES, INC., doing
business as WHITE TOWER INDUSTRIAL
LAUNDRY AND CLEANERS,

        Defendant,

v.

COMERICA BANK and CHRYSLER LLC,

        Garnishees.

-and-

CENTRAL STATES, SOUTHEAST AND,
SOUTHWEST AREA PENSION FUND, and
HOWARD McDOUGALL,

        Plaintiffs,

v.

SMELTZER ENTERPRISES, INC., doing
business as WHITE TOWER INDUSTRIAL
LAUNDRY AND CLEANERS,

        Defendant,

v.

COMERICA BANK, CHRYSLER LLC, and
FORD MOTOR COMPANY,

        Garnishees.
_____/

Case No. 08-50180
Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

**ORDER GRANTING THE
PLAINTIFFS' MOTION TO
CONSOLIDATE CASES
AND REFERRING THE
CONSOLIDATED CASES TO
THE MAGISTRATE JUDGE FOR
GENERAL CASE MANAGEMENT**

Case No. 08-50852
Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

### ORDER GRANTING THE PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND REFERRING THE CONSOLIDATED CASES TO MAGISTRATE JUDGE FOR GENERAL CASE MANAGEMENT

The matter is before the Court on the plaintiffs' motion to consolidate this case with another case pending in this district, initially assigned to Judge Arthur J. Tarnow, *see Cent. States S.E. & S.W. Areas Pension Fund v. Smeltzer Enterprises, Inc.*, No. 08-50852, for the purpose of adjudicating the defendant's motion for declaratory ruling filed in both cases.  Like the present, earlier-filed case, the second case assigned initially to Judge Tarnow represents the plaintiffs' attempt to collect the ERISA judgment entered against the defendant in the United States District Court for the Northern District of Illinois from the defendant's funds at various garnishee entities.  The judgments registered in the two cases were entered in favor of the same plaintiffs and against the same defendant, and the only differences between the cases are the number of garnishees involved (two in the first versus three in the second case) and the period of time to which the underlying ERISA judgment relates.  In both of these cases, the defendant filed a motion for declaratory judgment seeking the determination of various creditors' priority under Article 9 of the Uniform Commercial Code.  In the first case, the defendant filed its motion on October 1, 2009; in the second case, such motion was filed September 22, 2009.

Judge Tarnow's case already has been reassigned to the undersigned as a companion case.  *See* E.D. Mich. LR 83.11.  Pursuant to Fed. R. Civ. P. 42(a), the Court, upon motion or of its own accord, may consolidate multiple proceedings that "involve a common question of law or fact" and are currently pending before the Court.  The Court has reviewed both cases and finds that the issues in the later case encompass issues raised in the first case.  This is so because in both cases, the defendant seeks determination of the priority of various creditors and of the corollary issue about the validity of several writs of garnishment.

This Court has discretion to consolidate "any or all matters at issue." Fed. R. Civ. P. 42(a). Further proceedings in both cases would be largely duplicative, making consolidation a more efficient way to proceed. Finally, since the two cases are essentially the same, neither party should be prejudiced by consolidation. *See Lewis v. ACB Business Servs.*, 135 F.3d 389, 412-13 (6th Cir. 1998) (prejudice to parties must be considered). And, of course, both parties agree consolidation is proper. Therefore, the Court shall consolidate the two cases for the purpose of adjudicating the defendant's motion for declaratory ruling concerning Article 9 priority among creditors and adopt the uniform briefing schedule agreed upon by the parties.

Finally, the Court finds that the just, speedy and inexpensive determination of these consolidated cases, *see* Fed. R. Civ. P. 1, would best be served by referring the matter to Magistrate Judge Mona K. Majzoub for general case management in accordance with the authority conferred in 28 U.S.C. § 636(b).

Accordingly, it is **ORDERED** that the plaintiffs' motion to consolidate cases pursuant to Fed. R. Civ. P. 42 and request for a briefing schedule [dkt # 12 in Case No. 08-50180] is **GRANTED**.

It is further **ORDERED** that Case No. 09-50180 and Case No. 08-50852 are **CONSOLIDATED** for the purpose of adjudicating the defendant's motion for a declaratory ruling.

It is further **ORDERED** that the plaintiffs may respond to the defendant's motion for a declaratory ruling in both cases **on or before October 30, 2009**.

It is further **ORDERED** that the defendant may file a reply in support of its motion for a declaratory ruling in both cases **on or before November 27, 2009**.

It is further **ORDERED** that these consolidated actions, Case No. 08-50180 and Case No. 08-50852, are referred to United States Magistrate Judge Mona K. Majzoub for the following purposes:

    A.    Hearing and determination of any pretrial matter, including, but not limited to:

        i)    the determination of *in forma pauperis* status, as appropriate;
        ii)    matters relating to the service of process,
        iii)    matters relating to the clarification of pleadings,
        iv)    matters related to the review of *in forma pauperis* cases provided for in 28 U.S.C. §1915(e)(2);
        v)    disputes concerning discovery, and
        vi)    other duties as designated in 28 U.S.C. § 636(b)(1)(A).

    B.    Organizing and implementing a discovery schedule, motion deadlines and any other case management procedures which in his judgment are needed, and

    C.    Submitting reports and recommendations as may be necessary and other duties as designated in 28 U.S.C. § 636(b)(1)(B).

It is further **ORDERED** that the Magistrate Judge shall inform the parties of their rights and options to consent to the Magistrate Judge conducting all proceedings, including trial, under 28 U.S.C. § 636(c). The Magistrate Judge shall inform the parties that they are free to withhold consent without adverse substantive consequences. *See* 28 U.S.C. § 636(c)(2).

It is further **ORDERED** that, in the event the parties withhold consent under 28 U.S.C. § 636(c), upon completion of all pretrial proceedings as set forth herein (including the issuance of a Report and Recommendation on dispositive motions, if any are filed), the Magistrate Judge shall certify in writing to the Court that the matter is ready for trial, if such is the case.

                                  s/David M. Lawson
                                  DAVID M. LAWSON
                                  United States District Judge

Dated: October 30, 2009

-5-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 30, 2009.

                                      s/Teresa Scott-Feijoo
                                      TERESA SCOTT-FEIJOO