UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRAL STATES, SOUTHEAST
AND SOUTHWEST AREA PENSION
FUND, and HOWARD MCDOUGALL,

       Plaintiffs,             CIVIL ACTION NO. 08-CV-50180

       vs.                      DISTRICT JUDGE DAVID M. LAWSON

SMELTZER ENTERPRISES, INC.,    MAGISTRATE JUDGE MONA K. MAJZOUB
doing business as WHITE TOWER
INDUSTRIAL LAUNDRY AND
CLEANERS,

       Defendant,

       vs.

COMERICA BANK and CHRYSLER LLC,

       Garnishees,

   -and-

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREA PENSION FUND,
and HOWARD McDOUGALL,

       Plaintiffs,             CIVIL ACTION NO. 08-CV-50852

vs.                            DISTRICT JUDGE DAVID M. LAWSON

SMELTZER ENTERPRISES, INC.,    MAGISTRATE JUDGE MONA K. MAJZOUB
doing business as WHITE TOWER
INDUSTRIAL LAUNDRY AND
CLEANERS,

       Defendant,
       vs.

COMERICA BANK, CHRYSLER LLC, and
FORD MOTOR COMPANY,

       Garnishees.
_____/

# REPORT AND RECOMMENDATION

**I.  RECOMMENDATION:** This Court recommends that Defendant's Motions for Declaratory Ruling on the Priority of Article 9 Securities and For An Order Dissolving Garnishment Orders of Plaintiffs Due to Prior Recorded Security Interest (docket nos. 9, 17) be **DENIED**.

**II.  REPORT:**

These matters come before the Court on Defendant's Motions for Declaratory Ruling on the Priority of Article 9 Securities and For An Order Dissolving Garnishment Orders of Plaintiffs Due to Prior Recorded Security Interest, filed in the above-captioned consolidated cases on October 1, 2009 and November 6, 2009. (Docket nos. 9, 17). Plaintiffs filed a response to the October 1, 2009 motion. (Docket no. 14). Defendant filed a Reply Brief. (Docket no. 20). The consolidated cases have been referred to the undersigned for general case management. (Docket no. 15). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

### A.  Background

Defendant asserts in the instant motions that Plaintiffs are not entitled to funds they received pursuant to writs of garnishment because the funds are subject to the prior perfected security interest of nonparty Great Lakes Business Credit ("GLBC"). (Docket nos. 9, 17). Defendant asserts that it granted GLBC a security interest in its accounts in exchange for a loan it received from GLBC on June 29, 2006. (Docket no. 17 at 2). Defendant further asserts that GLBC perfected its security interest by filing a UCC-1 Financing Statement on June 30, 2006, and amended financing statements on August 9, 2006 and October 30, 2006. (Docket no. 17, Ex. 3-5). Defendant states that on May 23, 2008 and October 17, 2008, GLBC provided garnishee Chrysler with written notice declaring Defendant's loan to be in default and demanding payment on the account owed by Chrysler to Defendant. (Docket no. 17, Ex. 6-7).

On January 29, 2008 Plaintiffs obtained a judgment against the Defendant from the United States District Court for the Northern District of Illinois in the amount of $35,359.87 for delinquent pension contributions owed to Plaintiff by Defendant under ERISA. (Docket no. 14, Ex. 1). Plaintiffs obtained a second judgment against the Defendant from the district court in Illinois on September 5, 2008 in the amount of $13,732.72, also related to delinquent pension contributions. (Docket no. 14, Ex. 2). The judgments were registered in this district and assigned case numbers 08-mc-50180 and 08-mc-50852. (Docket no. 14 at 2). Shortly thereafter, Plaintiffs requested that writs of garnishment be issued in both cases.

Plaintiffs served two writs of garnishment in case no. 08-mc-50180 on Comerica Bank and Chrysler on March 17, 2008 and April 23, 2008. (Docket no. 14, Ex. 3). Plaintiffs served three writs of garnishment in case number 08-mc-50852 on Comerica Bank, Ford Motor Company, and Chrysler between September 17, 2008 and September 26, 2008. (Docket no. 14, Ex. 4). Defendant contends that "garnishee-defendants admitted liability as to [Defendant] in their Garnishee Disclosures" even though Chrysler had notice of GLBC's security interest. (Docket no. 17 at 3; Docket no. 14, Ex. 3-4). Copies of the writs of garnishment and garnishee disclosures were mailed to the Defendant as required. (Docket no. 14, Ex. 3-4). Defendant did not file objections to the writs of garnishment prior to the instant motions. Plaintiffs' judgments were partially satisfied out of Defendant's assets pursuant to the writs.

On January 27, 2009 Plaintiffs received a letter from Defendant's law firm demanding payment within twenty-one days of all funds Plaintiffs received pursuant to the writ of garnishment filed with Chrysler in case no. 08-mc-50852. (Docket no. 14, Ex. 5). The letter informs Plaintiffs that GLBC holds a perfected security interest in receivables from Defendant's account with Chrysler. The letter also states that GLBC authorized Defendant's counsel to demand on GLBC's behalf payment of all funds received by Plaintiffs pursuant to the garnishments. (Docket no. 14, Ex.

3

5).

On February 6, 2009 Defendant's law firm sent a second letter to the Plaintiffs demanding "payment for all funds received by Plaintiffs pursuant to those garnishments filed after October 30, 2006." (Docket no. 14, Ex. 7). The letter demands that Plaintiffs provide Defendant's law firm with a written response within one week, offering a resolution of the dispute which is acceptable to GLBC. (Docket no. 14, Ex. 7). The letter declares that Defendant's law firm does not represent GLBC, but "represent[s] [GLBC's] interest only insofar as it concerns the prior perfected security interest GLBC holds in the receivables of [the Defendant]." (Docket no. 14, Ex. 7).

In the instant motions, Defendant moves the Court for a declaratory judgment determining the validity and priority of GLBC's secured claim in relation to Plaintiffs' interest as judgment lien creditor. Defendant also requests an order dissolving the Plaintiffs' writs of garnishments and garnishment orders, and compelling the Plaintiffs to pay over to GLBC all payments Plaintiffs received pursuant to the garnishments. (Docket no. 17 at 4).

**B. Analysis**

*1. Standing*

Plaintiffs argue that Defendant lacks standing to pursue the relief it seeks because it seeks to recover on behalf of nonparty GLBC. Defendant argues in response that it has standing to object to the writs of garnishment.

Defendant requests an order affirming the validity and priority of nonparty GLBC's interest in the Defendant's accounts receivable, and an order compelling the Plaintiffs to return funds it received under writs of garnishment. GLBC is not a party to this action, is not represented by counsel in this motion, and has not signed Defendant's motion, brief, or reply brief indicating its agreement with the arguments contained therein or with the relief sought. This Court has received no acknowledgment from GLBC that Defendant is authorized to speak or act on its behalf.

4

Defendant's certificates of service attached to the instant motions indicate that GLBC was not served with notice of the motions.

The Court should find that the Defendant lacks standing to pursue an order to determine the priority of the liens of nonparty GLBC and Plaintiffs in the funds at issue. The Court should also find that the Defendant lacks standing to step into GLBC's shoes as the alleged senior secured lender and assert GLBC's rights in the funds as against Plaintiffs. Nevertheless, Defendant argues that it has standing to object to the writs of garnishment. To the extent the Defendant seeks to object to the writs, the Court should find that it has standing to do so.

*2. Waiver of the Defendant's Right to Object to the Writs of Garnishment, and Federal Rule of Civil Procedure 60*

Plaintiffs argue that the Defendant's motions are untimely, the Defendant waived its objections to the writs of garnishment, and the motions are time barred under Federal Rule of Civil Procedure 60. Defendant asserts that it did not waive or otherwise lose its right to object to the writs of garnishment by virtue of its untimely motions.

MCR 3.101 governs postjudgment garnishments and provides in part that "[o]bjections shall be filed with the court within 14 days of the date of service of the writ on the defendant. Objections may be filed after the time provided in this subrule but do not suspend payment pursuant to subrule (J). . . ." MCR 3.101(K). Subrule (J) requires the garnishee to transmit all withheld funds to the plaintiff or to the court after 28 days from the date the writ was served on the garnishee unless notified that objections have been filed. MCR 3.101(J)(1).

The Defendant filed the instant motions well beyond the fourteen day period provided under the court rule. However, the court rule does not impose an outer limit or absolute deadline for filing an objection to a writ of garnishment. Plaintiffs have not cited authority to show that the Defendant's motions are untimely and are therefore barred, or that the Defendant waived its

5

objections to the writs of garnishment. While Defendant clearly could have done more to assert its objections to the writs on a more timely basis, this Court is not persuaded that the Defendant intentionally abandoned or relinquished its right to object to the garnishments. *See Iverson Indus., Inc. v. Metal Mgmt. Ohio, Inc.*, 525 F. Supp. 2d 911, 921 (E.D. Mich. 2007) (waiver under Michigan law is a voluntary and intentional abandonment of a known right and requires evidence that a party intentionally relinquished its rights).

Plaintiffs further claim that the Defendant's objections to two writs served on September 25, 2008 and September 26, 2008 are time barred under Federal Rule of Civil Procedure 60. (Docket no. 14 at 7). Rule 60(b) provides that a party may obtain relief from a final judgment or order for certain enumerated reasons. Motions under Rule 60(b) must be made within a reasonable time and "no more than a year after the entry of the judgment or order. . . ." Fed.R.Civ.P. 60(c). Plaintiffs do not elaborate on their claim that Rule 60 bars the Plaintiffs' action, and have not provided authority for the proposition that a writ of garnishment is a final order from which relief may be sought under Rule 60(b).

The Court should find that the Defendant's motions are not time barred and the Defendant did not waive its objections to the writs of garnishment.

*3. Objections to the Writs of Garnishment*

MCR 3.101(K)(2) provides that objections to a writ of garnishment must be based on one or more of the following: (a) the funds or property are exempt from garnishment by law; (b) garnishment is precluded by the pendency of bankruptcy proceedings; (c) garnishment is barred by an installment payment order; (d) garnishment is precluded because the maximum amount permitted by law is being withheld pursuant to a higher priority garnishment or order; (e) the judgment has been paid; (f) the garnishment was not properly issued or is otherwise invalid.

Defendant does not identify which provision of MCR 3.101(K)(2) it asserts, but argues that

6

GLBC's "prior perfected security interest . . . precludes Plaintiffs from being able to legally garnish funds subject to that security interest." (Docket no. 20 at 2). The Defendant's argument may be construed as an objection under MCR 3.101(K)(2)(a) that the funds in question are exempt from garnishment by law.

The parties each contend that *Bank of Hawaii v. DeYoung*, 992 P.2d 42 (Haw. 2000) supports their respective arguments. Although the *DeYoung* case is not binding on this Court, it provides some guidance on the issues involved in the instant motions. In *DeYoung*, a secured creditor moved to dissolve a garnishment order after an unsecured creditor sought to garnish stock which served as collateral for the secured debt. The court found that the secured creditor could not dissolve the enforcement proceedings because it had not declared the loan in default or sought to execute its remedies under the security agreement. *Id.* at 44. The Court also determined that the debtor's interest in the stock could be garnished despite the fact that the stock was subject to a security interest. *Id.* at 48. However, the court concluded that the garnishment did not extinguish the secured party's interest or give the judgment creditor priority over the assets. *Id.* at 49. The secured party therefore retained its legal remedies after garnishment. *Id.* at 49.

Unlike the *DeYoung* case, the secured creditor in the case at bar has not stepped forward to challenge the garnishment proceedings or assert its priority over the collateral. The *DeYoung* case does not support Defendant's allegations that the accounts in this case are exempt from garnishment, or that the Defendant, as opposed to a secured creditor, has a right to seek to dissolve the writs of garnishment and garnishment orders. The Court should find that the Defendant has not established that the accounts in issue were exempt from garnishment by law. Accordingly, the Defendant's objections to the writs of garnishment should be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

7

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 14, 2010                            s/ Mona K. Majzoub
                                                              MONA K. MAJZOUB
                                                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: April 14, 2010                            s/ Lisa C. Bartlett
                                                              Case Manager