UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREA PENSION FUND,
et al.,

        Plaintiffs,        No. 08-CV-50180
                              Hon. Gerald E. Rosen

vs.

SMELTZER ENTERPRISES, INC., d/b/a
WHITE TOWER INDUSTRIAL LAUNDRY
AND CLEANERS,

        Defendant,

vs.

COMERICA BANK and CHRYSLER LLC,

        Garnishees,

-and-

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREA PENSION FUND,
et al.,

        Plaintiffs,        No. 08-CV-50852
                              Hon. Gerald E. Rosen

vs.

SMELTZER ENTERPRISES, INC., d/b/a
WHITE TOWER INDUSTRIAL LAUNDRY
AND CLEANERS,

        Defendant,

vs.

COMERICA BANK, CHRYSLER LLC and
FORD MOTOR COMPANY,

        Garnishees.
_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     August 6, 2010

PRESENT:   Honorable Gerald E. Rosen
           United States District Chief Judge

This consolidated miscellaneous post-judgment garnishment matter was re-assigned to this Court on July 13, 2010. At the time of reassignment, there was pending a Report and Recommendation issued by United States Magistrate Judge Mona K. Majzoub on April 14, 2010 recommending that the Court deny Defendant's "Motions for Declaratory Ruling on the Priority of Article 9 Securities and for an Order Dissolving Garnishment Orders Due to Prior Recorded Security Interest" [Dkt. Nos. 9 and 17].[1] Defendant timely filed Objections to the R&R. Plaintiff timely filed a Response to Defendant's Objections and Defendant replied.

The Magistrate Judge found that Defendant lacked standing to pursue an order to determine the priority of liens of Plaintiffs and non-party creditor Great Lakes Business Credit (which did not join or concur in Defendant's motions) but that Defendant did have standing to object to the writs of garnishment, even though Defendant did not assert those objections on a timely basis. With respect to those objections, the Magistrate Judge found that Defendant failed to establish that the accounts in issue were exempt from

---

[1] These motions were filed more than 18 months after the non-periodic writs of garnishment were issued.

garnishment under one or more of the cognizable bases provided in M.C.R. 3.101(K)(2).

As Defendant's Motions were non-dispositive,[2] the Court evaluates the Magistrate Judge's Report and Recommendation under a "clearly erroneous" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 754 (E.D. Mich. 2008). A magistrate judge's ruling is clearly erroneous if the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Id.*, 574 F. Supp. 2d at 754 (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Having reviewed and considered the Magistrate Judge's Report and

---

[2] As set forth in Eastern District of Michigan Local Rule 7.1(e):

(A) Dispositive motions are motions:

- for injunctive relief
- for judgment on the pleadings,
- for summary judgment,
- to dismiss or quash an indictment or information made by the defendant,
- to suppress evidence in a criminal case,
- to certify or decertify a class,
- to dismiss for failure to state a claim upon which relief can be granted,
- to involuntarily dismiss an action.

\* \* \*

(B) Nondispositive motions are motions not listed in L.R. (e)(1)(A).

E.D. Mich. L.R. 7.1(e)(1), (2). *See also* 28 U.S.C. § 636(b)(A),(B).

Recommendation, Defendant's Objections, Plaintiffs' Response, Defendant's Reply, and the entire record submitted to the Court on this matter, the Court concludes that the Magistrate Judge's conclusions were not clearly erroneous or contrary to law.

Therefore,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation **[Dkt. # 23]** is ADOPTED by the Court. For the reasons set forth in the Report and Recommendation,

IT IS FURTHER ORDERED that Defendant's Motions for Declaratory Ruling on the Priority of Article 9 Securities and for an Order Dissolving Garnishment Orders Due to Prior Recorded Security Interest **[Dkt. Nos. 9 and 17]** are DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: August 6, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2010, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager